O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Deposit Insurance Corporation, as receiver for IndyMac Bank, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> Thomas R. O'Hanlon, an individual dba O'Hanlon Appraisals, John G. Sawicki, an individual, and Does 1-10 <br><br> Defendants. | CV 11-5569 RSWL (SHx) <br><br> **ORDER re: Defendants O'Hanlon and Sawicki's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [8]** |

On October 12, 2011, Defendants O'Hanlon and Sawicki's ("Defendants") Motion to Dismiss [8] came on for regular calendar before the Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a dismissal can be

1

based on a lack of cognizable legal theory or a lack of sufficient facts alleged under a cognizable legal theory. Fed. R. Civ. P. 12(b)(6); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A party need not, however, state the legal basis for his claim, only the facts underlying it. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).

Defendants argue that Plaintiff's breach of contract should be dismissed because California law requires that Plaintiff attach the actual contract or allege the key terms that were allegedly breached, which Plaintiff has not done. Harris v. Rudin, Richman & Appel, 74 Cal. App. 4th 299, 306 (Ct. App. 1999). However, this Court finds Defendant's argument without merit as Plaintiff has alleged sufficient facts to support a claim that the warranties provided in the Defendants' Uniform Residential Appraisal Reports constitute terms of the contract at issue. Thus, the portions of the Appraisal Reports provided in the Complaint are sufficient to allege the key terms of the contract.

Furthermore, under California law, a cause of action for damages for breach of contract is comprised of the following elements: (1) existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. Careau & Co. v.

1  Security Pacific Business Credit, Inc., 222 Cal. App.
2  3d 1371, 1388 (Ct. App. 1990).  In this case, the Court
3  finds that the Complaint pleads sufficient facts to
4  support these elements pursuant to Federal Rule of
5  Civil Procedure 12(b)(6) and the requirements of Bell
6  Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
7       Finally, Defendants argue that Plaintiff has failed
8  to allege sufficient facts to support a finding that
9  IndyMac Bank was a third-party beneficiary of the
10 contract.  Under California Civil Code § 1559, a third
11 party may enforce a contract if the contract was made
12 expressly for the benefit of such third party
13 beneficiary.  Here, Plaintiff has specifically alleged
14 that the Uniform Residential Appraisal Reports state
15 that "other secondary market participants may rely on
16 this appraisal report," thus supporting a claim that
17 the contract was made expressly for the benefit of
18 third parties purchasing mortgages on the appraised
19 properties, such as IndyMac Bank.
20      Accordingly, the Court hereby **DENIES** Defendant's
21 Motion to Dismiss Plaintiff's Complaint.
22
23 **IT IS SO ORDERED.**
24 DATED: October 13, 2011
25
26                              RONALD S.W. LEW
27                         **HONORABLE RONALD S.W. LEW**
28                         Senior, U.S. District Court Judge

3