O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Deposit Insurance Corporation, as receiver for IndyMac Bank, F.S.B., <br><br>　　　　Plaintiff,<br><br>　v.<br><br>Thomas R. O'Hanlon, an individual dba O'Hanlon Appraisals, John G. Sawicki, an individual, and Does 1-10<br><br>　　　　Defendants. | CV 11-5569 RSWL (SHx)<br><br>**ORDER re: Plaintiff's Motion to Strike First and Fifth Affirmative Defenses [22]** |

　　　Currently before the Court is Plaintiff Federal Deposit Insurance Corporation's ("Plaintiff") Motion to Strike First and Fifth Affirmative Defenses [8].  The Court took the Motion under submission on December 9, 2011.  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

　　　The Court hereby **GRANTS** Plaintiff's Motion to

Strike pursuant to Federal Rule of Civil Procedure 12(f).  Under Rule 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matters from the pleadings.  Fed. R. Civ. P. 12(f).  The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial."  <u>Sidney-Vinstein v. A.H. Robbins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983).  If a court strikes an affirmative defense, leave to amend should be freely granted provided there is no prejudice to the moving party.  <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 824, 826 (9th Cir. 1979).

In its Motion, Plaintiff argues that Defendants Thomas R. O'Hanlon, d/b/a O'Hanlon Appraisals, and John G. Sawicki's (collectively "Defendants") First Affirmative Defense (Plaintiff's Negligence) and Fifth Affirmative Defense (Proportionate Fault) should be stricken because they fail as a matter of law.  Plaintiff brings only two claims against Defendants, negligent misrepresentation and breach of contract.  Plaintiff asserts that Defendants' Affirmative Defenses are both essentially a comparative fault defense, which is not recognized as a defense to either negligent misrepresentation or breach of contract under California law.  Defendants argue that Plaintiff's Motion should be denied because Plaintiff has not clearly demonstrated that the First and Fifth

Affirmative Defenses cannot apply as a matter of law.

 The Court finds that Defendants' First and Fifth Affirmative Defenses fail as a matter of law and should be stricken as "an insufficient defense." Fed. R. Civ. P. 12(f). As to Plaintiff's negligent misrepresentation claim, California law recognizes the claim as a form of deceit and does not generally allow a comparative fault defense. Van Meter v. Bent Construction Company, 46 Cal. 2d 588, 595 (1956). Some courts have recognized an exception in the narrow circumstances where a plaintiff's reliance on the defendant's false statements could be construed as preposterous or irrational. Id.; F.D.I.C. v. Warren, No. 11-3260, 2011 WL 5079504 at *1 (N.D. Cal. Oct. 25, 2011). Defendants argue that its comparative fault defense could apply to Plaintiff's negligent misrepresentation claim if facts are discovered that show that Plaintiff acted in a preposterous or irrational manner in relying on Defendants' appraisal reports.

 However, the Court finds that Defendants have not pled any facts to support such an allegation. The standard for pleading affirmative defenses is governed by Federal Rule of Civil Procedure 8(c), and a sufficient pleading is one that gives Plaintiff fair notice of the defense. Wyshak, 607 F.2d at 827. Here, Defendants' First Affirmative Defense merely alleges that Plaintiff was "so careless, reckless and

1 negligent" that Plaintiff caused the alleged harm; this
2 statement does not sufficiently allege conduct that was
3 "irrational" or "preposterous" and no facts are
4 provided that would support such a conclusion.
5 Defendants' Fifth Affirmative Defense is likewise
6 deficient.  Accordingly, the Court finds that
7 Defendants' comparative negligence defense is not
8 viable and Defendants' First and Fifth Affirmative
9 Defenses should be stricken as to Plaintiff's negligent
10 misrepresentation claim.
11      With regard to Plaintiff's breach of contract
12 claim, California law does not generally recognize
13 comparative fault as a defense to breach of contract.
14 Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal.
15 4th 390, 402 (2000); Considine Co. v. Shadle, Hunt &
16 Hagar, 187 Cal. App. 3d 760, 770 (1986).  Thus, the
17 Court finds that Defendants' First and Fifth
18 Affirmative Defenses should also be stricken as to
19 Plaintiff's breach of contract claim.
20       Finally, Defendants argue that Plaintiff has failed
21 to show that Plaintiff will be prejudiced if the
22 Affirmative Defenses are not stricken, and thus the
23 Motion must be denied.  However, the Court finds that
24 Plaintiff has made a sufficient showing of prejudice
25 due to the increased time and money litigating
26 irrelevant issues that would result if the Affirmative
27 Defenses remain.   See Fantasy, Inc. v. Fogerty, 984
28 F.2d 1524, 1528 (9th Cir. 1993) ("The district court

could properly grant the motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case.").

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Strike First and Fifth Affirmative Defenses with 20 days leave to amend.

**IT IS SO ORDERED.**
DATED: January 19, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge